FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT
~~WESTERN~~ *Eastern* DISTRICT OF ARKANSAS
_Eastern_ DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 1 3 2023

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

_Willie Munn_
(Enter above the full name of the Plaintiff
in this action.)

Prisoner ID No. _08042_
(Do Not Put Your Social Security Number)

V.                                CASE NO. 4:23-cv-00126-LPR

_Dexter Payne Et al_
_P.O. Box 600_
_Grady Ark 71644_
(Enter above the full name of the Defendant,
or Defendants, in this action.)

I.    **Previous Lawsuits**

A.    Have you begun other lawsuits in state or federal court dealing with the same facts
involved in this action?

Yes _____        No __✔__

B.    If your answer to A is yes, describe each lawsuit in the space below including the **exact
Plaintiff name or alias used.**  (If there is more than one lawsuit, describe the additional
lawsuits on another piece of paper, using the same outline.)

1.    Parties to this lawsuit

Plaintiffs: _Willie Munn_

Defendants: _Dexter Payne Et al_

_____

2.    Court (if federal court, name the district; if state, name the county):

_____

3.    Docket number: _____

4.    Name of judge to whom case was assigned: _____

5.    Disposition (for example:  Was the case dismissed?  Was it appealed?

Is it still pending?) _____

6.    Approximate date of filing lawsuit: _____

7.    Approximate date of disposition: _____

**(Revised12/2016)**

-1-    This case assigned to District Judge Rudofsky
and to Magistrate Judge Kearney

**II.**  **Place of Present Confinement:** Varner unitte
P.O. Box 600, Grady Ark 71644

**III.**  There is a written prisoner grievance procedure in the Arkansas Department of Correction and in your county jail. <u>Failure to complete the grievance procedure may affect your case in federal court.</u>

**A.**  Did you present the facts relating to your complaint in the state or county written prisoner grievance procedure?

Yes  ✔          No _____

**B.**  If your answer is YES, Attach copies of the most recent written grievance(s)/response(s) relating to your claims showing completion of the grievance procedure. **FAILURE TO ATTACH THE REQUIRED COPIES MAY RESULT IN THE DISMISSAL OF YOUR COMPLAINT.** If copies are not available, list the number assigned to the grievance(s) and the approximate date it was presented.

**C.**  If your answer is NO, explain why not: _____

_____

_____

**IV.**  **Parties**

(In item A below, place your name in the first blank and place your present address in the second blank.)

**A.**  **Your Full Name:** WillieMunn

**Address:** P.O. Box 600
Grady Arkansas 71644

(In Item B below, place the <u>full</u> name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.)

Do Not List Witnesses.

You may not name the jail as a Defendant. The jail is a building and cannot be sued.

**B.  Read carefully and fill out all information sought.**

<u>1. Defendant #1.</u>

**Full Name:** Dexter payne Et. Al

**Position:** Director

**Place of Employment:** Arkansas Department Of Correction

**Address:** P.O. Box 600
Grady Arkansas 71644

2. **Defendant #2.**

**Full Name:** Tyshanda Hamoton

**Position:** Sgt.

**Place of Employment:** Varner unit

**Address:** P.O. Box 600
Grady AYK, 71644

3. **Defendant #3.**

**Full Name:** _____

**Position:** _____

**Place of Employment:** _____

**Address:** _____
_____

4. **Defendant #4.**

**Full Name:** _____

**Position:** _____

**Place of Employment:** _____

**Address:** _____
_____

If you need more space for additional Defendants, list the additional Defendants on another piece of paper, using the same outline.

V.   At the time of the alleged incident(s), were you:
(check the appropriate blank)

_____ in jail and still awaiting trial on pending criminal charges
___✓___ serving a sentence as a result of a judgment of conviction
_____ in jail for other reasons (*e.g.*, alleged probation violation, etc.)

**Explain:** I was giving A 10 Years.I.S. IN 9-20-20, I+S was Illegal, I was Revoked And ADC Sentence me 1805

Please provide the date of your conviction or probation or parole revocation:

1-23-20, Revoked 10-27-22, No New Conviction
I was sentent To Prison, They Place me under Act 1805, which I could Not Make Parole
I am 66 Years old, Hibutal was Not Check
ON my sentening order; A.D.C. place me under
It violated my 5th 8th & 14th Amend

## VI. Statement of Claim

State every ground on which you claim that one or more of the Defendants violated your federal constitutional rights. For example, if you have an excessive force claim and a denial of medical care claim, you must fill out a separate section for each different claim. This section should be limited to the facts of your claim.

With respect to each claim, briefly describe the actions taken by each Defendant who you believe was involved in violating your rights. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. (Use as much space as you need. Attach extra sheets if necessary.)

Claim Number # 1:

Type of Claim (for example, excessive force, denial of medical care, etc.):

This Is An Excessive Sentence, As To The A.D.C. Enhance my Sentence, which had No Jurisdiction To Do.

Date of the Occurrence: 12·15-22

Name of Each Defendant involved: Dexter Payne, Is The Warden Of The Arkansas Department Of Correction, He Should Know or have Known The way His Administration Excctive my Sentence Is wrong

Describe the acts or omissions of the Defendant(s) that form the basis for Claim #1 and any harm caused by it.

The Hempstead County Circuit Court Gave me An Illegal Sentence; on It face of Burglary When I Got TO A.D.C. They Put me under Act 1805'. Making me Ineligible To Parole, Sentence me Again, To Served The Ten day for day, violate my 5th 8th d 14th Amend,

With regard to Claim #1, are you suing Defendant(s) in his or her: (check the appropriate blank)

_____  official capacity only (An official capacity claim is the same as suing the governmental entity this Defendant works for and requires proof that a custom or policy of the governmental entity caused the alleged violation).

_____  personal capacity only (A personal capacity claim is one that seeks to hold an individual liable for his own actions taken in the course of his duties).

✓  both official and personal capacity  See Inmate Request Forms; Benson vs Kelley 2018 Ark 333 561 S.W3d327₊

**If you are asserting an official capacity claim**, please describe the custom or policy that you believe caused the violation of your constitutional rights.

The Supreme Court, Rhonda K Wood. held That Prior Robberies, And Terroristic Acts Could Not be used To Enhance sentence for Subsequent Offenses To Render defendant Ineligible for Parole. It Really Sadness How The Criminal System, Sentence You Base upon Arbartary And Conjecture

**Claim Number # 2:**

**Type of Claim (for example, excessive force, denial of medical care, etc.):**

No Cruel or Unusally Punishment Inflicted Shall Not Be Sentence Twice for one offense

**Date of the Occurrence:** 12-15-22

**Name of Each Defendant involved:** Dexter Payne Is The Director His Administrator Is Train To Place Certion Individual With Prior Conviction Under Act 1805, Without Address Them, Violate 5, 8, 9, of 14 Amend

**Describe the acts or omissions of the Defendant(s) that form the basis for Claim #2 and any harm caused by it.**

My Sentening order, State 120 month's A.D.C. It Has A Section for Enhancement, Habitual Offender, But It Was Not Referomanded; upon Excuteion Of The Ten Years, I was Place upon Act 1805; Double Jeopordy, And Cruelty To Punish me Twice For A Crime I Did Not DO

**With regard to Claim #2, are you suing Defendant(s) in his or her: (check the appropriate blank)**

✓_____ **official capacity only** (An official capacity claim is the same as suing the governmental entity this Defendant works for and requires proof that a custom or policy of the governmental entity caused the alleged violation).

✓_____ **personal capacity only** (A personal capacity claim is one that seeks to hold an individual liable for his own actions taken in the course of his duties).

✓_____ **both official and personal capacity**

**If you are asserting an official capacity claim**, please describe the custom or policy that you believe caused the violation of your constitutional rights.

The Constitution was Established 1786/1876 George Washington, said, "we" The people If "we" His Approve of, what "we" should should Afforded of, Then How's Is It for us To fix A way for The wise And Honesty To Repair, Therefore lets us Adopted The Greatest Bill In The world, The United States

**Claim Number # 3:** CONStitutional Forbitten Ever To Be Change

**Type of Claim (for example, excessive force, denial of medical care, etc.):**

Excessive Sentence, force upon A person That Actual Innoance

**Date of the Occurrence:** 9-28-20

**Name of Each Defendant involved:** Ben Hale, Prosecuter, Judge Colepper, Charles Friday, A station Attorney's Dexter Payne Director, Of A.D.C. Exective Administrator who Excuted An Illegal Sentence on It face

**Describe the acts or omissions of the Defendant(s) that form the basis for Claim #3 and any harm caused by it.**

The A.D.C. Excuted my Sentence, As without Being Egaible for parole; Three Years Ago It Was A Suspended Sentence; If It Was under 1805, Then I was Not Eligable For A Suspended Sentence, making It Nine And void The Court Was without Jurisdiction To Impose It.

**With regard to Claim #3, are you suing Defendant(s) in his or her: (check the appropriate blank)**

_____ **official capacity only** (An official capacity claim is the same as suing the governmental entity this Defendant works for and requires proof that a custom or policy of the governmental entity caused the alleged violation).

_____ **personal capacity only** (A personal capacity claim is one that seeks to hold an individual liable for his own actions taken in the course of his duties).

_____ **both official and personal capacity**

**If you are asserting an official capacity claim,** please describe the custom or policy that you believe caused the violation of your constitutional rights.

Prior Robberies, And Terroristic Act Could Not Be use To Enhance Sentence, for Subsequent Offenses To A Render defendant INEligible for Parole. A Case That Shows This Is Benson V. WendY Kelley Director of Arkansas Department Of Correction, 11-29-2018 2018 ArK 333

If you need more space for more claims, list the additional claims on another piece of paper, using the same outline.

VII. **Relief**

If you are seeking to recover damages from the named Defendants, check the appropriate blank or blanks below for the type or types of damages that you are seeking:

✓ **Compensatory damages** (designed to compensate persons for injuries, such as physical pain and suffering, etc., that are caused by the deprivation of constitutional rights)

✓ **Punitive damages** (designed to punish a defendant for engaging in misconduct and deter a defendant and others from engaging in such misconduct in the future)

State briefly below any other relief you are seeking in this action. Make no legal arguments. Cite no cases or statutes.

500,000,00 CompensatorY Damages
500,000,00 PunitiVe Damage's
500,000,00 Emotion Stress mental Angush
500,000,00 Heart ship for mY 88 Year old mom
A Trial BY A JurY
mY Mother was Left Alone She Total Blind

I declare under penalty of perjury (18 U.S.C. § 1621) that the foregoing is true and correct.

Executed this _7_ day of _Feb_ 20 _23_.

Willie MunN
**Printed Name of Plaintiff**

WillieMunn
**Signature of Plaintiff**

**UNIT LEVEL GRIEVANCE FORM** (Attachment I)

Unit/Center _Varner_

Name _Willie Munn_

ADC# _080042_  Brks # _I-3_  Job Assignment _N/A_

| FOR OFFICE USE ONLY |
| --- |
| GRV. # _____ |
| Date Received: _____ |
| GRV. Code #: _____ |

_I-30-23_ (Date) STEP ONE: Informal Resolution

_2-4-23_ (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.)
If the issue was not resolved during Step One, state why: _____

_____, (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: _____

_Is this Grievance concerning Medical or Mental Health Services? _____ If yes, circle one: medical or mental_
**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected. (Please Print): Melvn Dulanev vs State Arkansa 999 S.W.2 d 181 338 Ark 548 Oavk 1999. In The Case of The Supreme Court, Of Arkansas 2018 AVK 333, Nov 29, 2018. You Can't use Prior Conviction To Enhance Sentence for subsequent offenses To Render defendant INEligible for parole, Ark Code Ann Section §§ 16-93-609(a) 16-93-609(b)(1). I am 66 years old. Prior To The Burglary In 9-28-20 I had Not Been Convicted of A felony with 10 year's I just That My Time Be Re-computed To show Regularly 10 years of 1/2, without me having To Go To The Court's I am Actual INNonece of The Burglary Any Way, Also see Tyrun Jones vs Wendy Kelley No. CV-19-328 828, 9-24 2020 There No Enhancement Check on My Sentencing order, The A.D.C. Like Subtrcted Jurisriction Matter, Please Correct This

_Willie Munn_                                _I-30-23_
Inmate Signature                            Date

_If you are harmed, threatened because of your use of the grievance process, report it immediately to the Warden or designee._

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**

This form was received on _1/31/23_ (date), and determined to be **Step One** and/or an Emergency Grievance _NO_ (Yes or No) This form was forwarded to medical or mental health? _____ (Yes or No) If yes, name of the person in that department receiving this form: _____ Date _____

_Tyshonda Hampton_    _134921_    _[signature]_    _1/31/23_
PRINT STAFF NAME (PROBLEM SOLVER)   ID Number   Staff Signature   Date Received

Describe action taken to resolve complaint, including dates: _Per Act 1805, you must Serve 100%, and is not eligible for parole._
_____

_Tyshonda Hampton_  _2/3/23_          _Willie Munn_  _2-4-23_
Staff Signature & Date Returned         Inmate Signature & Date Received

This form was received on _____ (date), pursuant to **Step Two**. Is it an Emergency? _____ (Yes or No).

Staff Who Received Step Two Grievance: _____ Date: _____

Action Taken: _____ (Forwarded to Grievance Officer/Warden/Other) Date: _____

If forwarded, provide name of person receiving this form: _____ Date: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

# Inmate Request Form

This form is to be used by inmates to contact staff concerning issues they may have. You should allow five (5) working days to receive a response to your request. this is the Varner/Varner Supermax's in-house form.

| Name: W. Munn | ADC# 080092 | Barracks: 1-3 | Date: 1-22-23 |
|---|---|---|---|

| Staff Directed to: Mrs Williams | Office: Record's |
|---|---|

My Request is directed to the following area: (Check one)

| | | | |
|---|---|---|---|
| Chaplain | Classification | Commissary | Deputy Warden |
| Food Service | Hobby Craft | Laundry | Library/Law |
| Mail room | Medical | Mental Health | Parole |
| Property | ✓ Records | SATP | Security |
| School | Visitation | Warden | _____ Other |

Give a detailed reason for your request:

Proceeding for the Writ of habeas Corpus do not Require
An Extensive Review of The Record of The Trial Proceeding.
And The Circuit Courts Inquiry Into the validity of the Judgment
Is Limited To The Face of the Commitment order AYK code Ann
16-112-103 (a). Although the state Reference AYK code Ann 5-
4-501 (C)

Have you spoke to any staff about your request? If yes, whom did you speak with and when?

_____

Inmate Signature    Date

| Staff Responding: U. Stz | Date: 2-3-23 |
|---|---|

Response:

You Violated your Probation your time to serve is
Correct

I am referring this to: _____

Cc: _____

_____
Staff Member Signature    Date

_____
Inmate File

Tyrus L. Jones v. Wendy Kelly, Director:
Arkansas Department of Corrections
No. CV-19-828
Supreme Court of Arkansas
September 24th, 2020

Josephine Linker Hart, Justice, dissenting. I dissent.

Even if it is true that Jones' conviction for second degree Murder was eligible for the sentencing enhancement, the enhancement is not reflected on his Judgment and Commitment order. We Cannot leave it to the parole board to read into a Judge's order What it does not so reflect. The majority notes that a judgment Nunc pro tunc may be entered upon proof that such order or judgment was made and not entered, but there is no indication that has been done in this Case. This presents a separation-of-powers Problem: The ~~and~~ parole board, a Creature of the executive branch, is acting as the Judiciary branch — reading and interpreting judicial decrees without a mechanism for review. We should not allow this.
I dissent.

AR DOC

REPORT NO. OTCR118

**ARKANSAS DEPARTMENT OF CORRECTION**

**TIME COMPUTATION CARD**

PAGE:   12   of      20

PROCESSED: 01/11/2023  08:13 AM

REQUESTOR:  Kayla N McDaniel

| | |
|---|---|
| **INMATE NAME:**    Munn, Willie | **ADC #:** 080042H |
| **LOCATION:**    Varner Unit         **HOUSING:** BK010003    **CLASS:** II | **OF:** 12/16/2022 |

You have been committed to the ADC to serve the following sentences. The release dates listed below are only a projection and include all good time which can be earned based on your current class. If all projected good time is not earned, these release dates will change.

| CMT. | OFFENSE | FEL CLS | DOCKET NUMBER | COUNTY NAME | TOTAL SENTENCE YY/MM/DD | | PE/TE | JAIL TIME |
|---|---|---|---|---|---|---|---|---|
| AK-001 | Burglary - Residential  Probation Revocation | B | CR-2020-243 | Hempstead | 0y 120m 0d | IN | No GT* | 130 |
| AK-002 | Poss Cont Sub Sched I,II Meth Cocaine < 2g  Probation Revocation | D | CR-2020-52 | Hempstead | 0y 72m 0d | CC | 1/3* | 150 |
| AK-003 | Poss Drug Paraphernalia Meth Cocaine  Probation Revocation | D | CR-2020-52 | Hempstead | 0y 72m 0d | CC | 1/3* | 150 |

| |
|---|
| **TOTAL SENTENCE LENGTH** 10y 0m 0d |

| | |
|---|---|
| **RELEASE DATES:**    **TRANSFER ELIGIBILITY DATE:** | 06/18/2032 |
| **DISCHARGE DATE:** | 06/18/2032 |

# SENTENCING ORDER

I hereby certify that this is a true & correct copy of the original on file at my office:
ATTEST
Clerk of the Circuit Court in Hempstead County, Hope, AR
_____ 11-18-22
Date

**IN THE CIRCUIT COURT OF** HEMPSTEAD **COUNTY, ARKANSAS**

**8N** **JUDICIAL DISTRICT** 1st **DIVISION**

On 10/27/2022 the Defendant appeared before the Court, was advised of the nature of the charge(s), of Constitutional and legal rights, of the effect of a guilty plea upon those rights, and of the right to make a statement before sentencing.

**Defendant** [Last, First, MI] Munn, Willie | **DOB** 7/8/1956 | **Sex** ☑ Male ☐ Female | **Total Number of Counts** 2

**SID #** 3 8 5 4 6 7 | **Race & Ethnicity** ☑ White ☐ Black ☐ Asian ☐ Native American ☐ Pacific Islander ☐ Unknown ☐ Other ☐ Hispanic

**Supervision Status at Time of Offense** parole

**Judge** Duncan Culpepper

**File Stamp** WILL WOLFENBARGER CIRCUIT CLERK HEMPSTEAD COUNTY, AR 2022 NOV 18 AM 10:28

**Prosecuting Attorney/Deputy** Ben Hale, Deputy

**Defendant's Attorney** James Stayton | ☐ Private ☑ Public Defender ☐ Pro Se ☐ Appointed

**Change of Venue** ☐ Yes ☑ No If yes, from:

☐ Pursuant to A.C.A. ☐ §§16-93-301 et seq., or ☐ §§ _____ this Court, without making a finding of guilt or entering a judgment of guilt and with the consent of the Defendant defers further proceedings and places the Defendant on probation.

There being no legal cause shown by the Defendant, as requested, why judgment should not be pronounced, a judgment:

☐ is hereby entered against the Defendant on each charge enumerated, fines levied, and court costs assessed. Defendant was advised of the conditions of the sentence and/or placement on probation and understands the consequences of violating those conditions. The Court retains jurisdiction during the period of probation/suspension and may change or set aside the conditions of probation/suspension for violations or failure to satisfy Arkansas Division of Community Correction (A.C.C) rules and regulations.

☐ of conviction is hereby entered against the Defendant on each charge enumerated, fines levied, and court costs assessed. The Defendant is sentenced to the Arkansas Division of Correction (A.D.C.) for the term specified on each offense shown below.

Defendant made a voluntary, knowing, and intelligent waiver of the right to counsel. ☐ Yes ☑ No

**A.C.A. # of Offense/ Name of Offense** 5-39-201(a)/Burglary-Residential | **Case #** CR-20-243

**A.C.A. # of Original Charged Offense** 5-39-201(a) | **ATN** HEM005820567 | **Offense was** ☐ Nolle Prossed ☐ Dismissed ☐ Acquitted

**Appeal from District Court** ☐ Yes ☑ No | **Probation/SIS Revocation+** ☑ Yes ☐ No

**Offense Date** 9/28/20 | **Offense is** ☑ Felony ☐ Misd. ☐ Viol. | **Offense Classification** ☐ Y ☐ A ☑ B ☐ C ☐ D ☐ U

**Number of Counts:** 1 | **Criminal History Score** 5 | **Seriousness Level** 7 | **Defendant** ☐ Attempted ☐ Solicited ☐ Conspired to commit the offense

**Presumptive Sentence** ☑ Prison Sentence of 180 to 480 months | ☐ Community Corrections Center | ☐ Alternative Sanction

**Defendant Sentence*** (see Page 2)

Imposed ☑ ADC ☐ Jud. Tran. ☐ County Jail | If probation or SIS accompanied by period of confinement, state time: _____ days or _____ months.

120 months

Probation _____ months | Sentence was enhanced _____ months, pursuant to A.C.A. §§ _____

SIS _____ months | Enhancement(s) is to run: ☐ Concurrent ☐ Consecutive.

Other ☐ Life ☐ LWOP ☐ Death | Defendant was sentenced as a habitual offender, pursuant to A.C.A. §5-4-501, subsection ☐ (a) ☐ (b) ☐ (c) ☐ (d)

**Victim Info#** (See page 2) ☐ N/A [Multiple Victims ☐ Yes ☑ No] | **Age** 42 | **Sex** ☐ Male ☑ Female | **Race & Ethnicity** ☐ White ☑ Black ☐ Asian ☐ Native American ☐ Pacific Islander ☐ Other ☐ Unknown ☐ Hispanic

**Defendant voluntarily, intelligently, and knowingly entered a**
☐ negotiated plea of ☐ guilty or ☐ nolo contendere.
☐ plea directly to the court of ☐ guilty or ☐ nolo contendere.

**Defendant:**
☐ was sentenced pursuant to ☐ §§16-93-301 et seq., or ☐ other §§
☐ entered a plea and was sentenced by a jury.
☑ was found guilty by the court & sentenced by ☑ court ☐ jury.
☐ was found guilty at a jury trial & sentenced by ☐ court ☐ jury.
☐ was found guilty of lesser included offense by ☐ court ☐ jury.

**Sentence is a Departure** ☑ Yes ☐ No | **Sentence Departure is** ☐ Durational or ☐ Dispositional. If durational, state how many months above/below the presumptive sentence: 60

**Departure Reason** (See page 2 for a list of reasons)

Aggravating # _____ or Mitigating # 9 . For Agg. #17 or Mit. #9, or if departing from guidelines, please explain: probation revocation

**Sentence will run:** ☐ Consecutive ☐ Concurrent to Offense # _____ or Case # _____

Defendant's Full Name: Munn, Willie

## Special Conditions

### Sex Offenses

Defendant has been adjudicated guilty of an offense requiring sex offender registration and must complete the Sex Offender Registration Form and pay the Mandatory Sex Offender Fee of $250. ☐ Yes ☐ No

Defendant has committed an aggravated sex offense as defined in A.C.A. §12-12-903.
☐ Yes ☑ No

Defendant is alleged to be a sexually dangerous person and is ordered to undergo an evaluation at a facility designated by A.D.C. pursuant to A.C.A. §12-12-918.
☐ Yes ☑ No

Defendant, who has been adjudicated guilty of an offense requiring registration, has been adjudicated guilty of a prior sex offense under a separate case number. ☐ Yes ☑ No
If yes, list prior case numbers:

### Domestic Violence Offenses

Defendant has been adjudicated guilty of a domestic-violence related offense and **must** pay additional court costs of $25 under Act 583 of 2017. ☐ Yes ☑ No

Defendant was originally charged with a domestic-violence related offense. ☐ Yes ☑ No
If yes, state the A.C.A. # of the offense:

If yes to either question, identify the relationship of the victim to the Defendant by offense number.

### DNA Sample/Qualifying Offense

Defendant has been adjudicated guilty of a qualifying offense or repeat offense (as defined in A.C.A. §12-12-1103). ☑ Yes ☐ No
Defendant is ordered to have a DNA sample drawn at ☐ A.C.C. facility ☐ the A.D.C. or ☑ other already on file. Assessment would create undue burden for defendant.

### Drug Crime

Defendant has been convicted of a drug crime, as defined in §12-17-101.
☐ Yes ☑ No

## Fines, Fees, Restitution

| Court Costs | $ . |
|---|---|
| Fines | $ |
| Booking/Admin Fees ($40) | $ |
| Drug Crime Assessment Fee ($125) | $ |
| DNA Sample Fee ($250) | $ |
| Children's Advocacy Center Fund Fee | $ |
| Public Defender User Fee | $ |
| Public Defender Attorney Fee | $ |
| Other (explain) | $ |

Restitution $_____ Payable to [If multiple beneficiaries, give names and payment priority]_____

**Terms**
☐ Due Immediately
☑ Installments of: to be established & paid to the Circuit Clerk's Office.
☐ Payments must be made within _____ days of release from A.D.C.
☐ Upon release from confinement, Defendant must return to court to establish payment of restitution
☐ Restitution is joint and several with co-defendant(s) who was found guilty – List name(s) and case number(s) _____

## Sentence Options

Defendant was convicted of a target offense(s) and is sentenced pursuant to provisions of the Community Punishment Act. ☐ Yes ☑ No
The Court hereby orders a judicial transfer to the AR Division of Community Correction. ☐ Yes ☑ No
Pursuant to the Community Punishment Act, the Defendant shall be eligible to have his/her records sealed. ☐ Yes ☑ No

**Extended Juvenile Jurisdiction Applied** ☐ Yes ☑ No

| JAIL TIME CREDIT 130 | TOTAL TIME TO BE SERVED FOR ALL OFFENSES In months: 120 ☐ Life ☐ LWOP | Death Penalty ☐ Yes ☑ No | If Yes, State Execution Date: |
|---|---|---|---|

DEFENDANT IS ASSIGNED TO: ☑ ADC ☐ ADC, Admin. Transfer Authorized ☐ CCC ☐ COUNTY JAIL ☐ PROBATION ☐ SIS

Conditions of disposition or probation are attached. ☐ Yes ☑ No

A copy of the pre-sentence investigation on sentencing information is attached ☐ Yes ☑ No
A copy of the Prosecutor's Short Report is attached ☐ Yes ☑ No

☐ Defendant has previously failed a drug court program.

DEFENDANT WAS INFORMED OF APPELLATE RIGHTS ☑ Yes ☐ No    Appeal Bond $

The County Sheriff is hereby ordered to: ☐ transport the defendant to county jail ☐ take custody for referral to CCC ☑ transport to ADC

Defendant shall report to ACC probation officer for report date to CCC ☐ Yes ☑ No

## Signature

Prosecuting Attorney/Deputy (Print Name): Ben Hale, deputy
Signature: _____    Date: 11/15/2022

Circuit Judge (Print Name): Duncan Culpepper
Signature: _____    Date: 11-17-22

Additional Info: Upon release from ADC, Defendant shall meet with parole officer and establish a plan for the payment of his outstanding financial's and restitution. Said plan shall be monitored and enforced by is parole officer.

Defendant's Full Name: Munn, Willie

| A.C.A. # of Offense/ Name of Offense+ | 5-38-203(a)(1)/Criminal Mischief - 1st Degree (Damage <=$1,000) | Case # CR-20-243 |
|---|---|---|

| A.C.A. # of Original Charged Offense | 5-38-203(a)(1) | ATN HEM005820567 | Offense was ☐ Nolle Prossed ☐ Dismissed ☐ Acquitted |
|---|---|---|---|
| | | Appeal from District Court ☐ Yes ☐ No | Probation/SIS Revocation+ ☐ Yes ☐ No |

| Offense Date 9/28/20 | Offense is ☐ Felony ☑ Misd. ☐ Viol. | Offense Classification ☐ Y ☑ A ☐ B ☐ C ☐ D ☐ U |
|---|---|---|

| Number of Counts: 1 | Criminal History Score 5 | Seriousness Level 0 | Defendant ☐ Attempted ☐ Solicited ☐ Conspired to commit the offense |
|---|---|---|---|

**Presumptive Sentence** ☐ Prison Sentence of _____ to _____ months    ☐ Community Corrections Center ☐ Alternative Sanction

| Defendant Sentence* (see Page 2) Imposed ☐ ADC ☐ Jud. Tran. ☐ County Jail | If probation or SIS accompanied by period of confinement, state time: _____ days or _____ months. |
|---|---|
| _____ months | Sentence was enhanced _____ months, pursuant to |
| Probation _____ months | A.C.A. §§ _____. |
| SIS  Expired _____ months | Enhancement(s) is to run: ☐ Concurrent ☐ Consecutive. |
| Other ☐ Life ☐ LWOP ☐ Death | Defendant was sentenced as a habitual offender, pursuant to A.C.A. §5-4-501, subsection ☐ (a) ☐ (b) ☐ (c) ☐ (d) |

| Victim Info# (See page 2) ☐ N/A [Multiple Victims ☐ Yes ☑ No] | Age 47 | Sex ☐ Male ☑ Female | Race & Ethnicity ☐ White ☑ Black ☐ Asian ☐ Native American ☐ Pacific Islander ☐ Other ☐ Unknown ☐ Hispanic |
|---|---|---|---|

| Defendant voluntarily, intelligently, and knowingly entered a ☑ negotiated plea of ☐ guilty or ☑ nolo contendere. ☐ plea directly to the court of ☐ guilty or ☐ nolo contendere. | Defendant: ☐ was sentenced pursuant to ☐ §§16-93-301 et seq., or ☐ other §§ _____ ☐ entered a plea and was sentenced by a jury. ☑ was found guilty by the court & sentenced by ☑ court ☐ jury. ☐ was found guilty at a jury trial & sentenced by ☐ court ☐ jury. ☐ was found guilty of lesser included offense by ☐ court ☐ jury. |
|---|---|

| Sentence is a Departure ☐ Yes ☑ No | Sentence Departure is ☐ Durational or ☐ Dispositional. If durational, state how many months above/below the presumptive sentence: |
|---|---|

| Departure Reason (See page 2 for a list of reasons) Aggravating # _____ or Mitigating # _____. For Agg. #17 or Mit. #9, or if departing from guidelines, please explain: | Sentence will run: ☐ Consecutive Concurrent ☐ to Offense # _____ or Case # _____ |
|---|---|

| A.C.A. # of Offense/ Name of Offense+ | | Case # |
|---|---|---|

| A.C.A. # of Original Charged Offense | | ATN | Offense was ☐ Nolle Prossed ☐ Dismissed ☐ Acquitted |
|---|---|---|---|
| | | Appeal from District Court ☐ Yes ☐ No | Probation/SIS Revocation+ ☐ Yes ☐ No |

| Offense Date | Offense is ☐ Felony ☐ Misd. ☐ Viol. | Offense Classification ☐ Y ☐ A ☐ B ☐ C ☐ D ☐ U |
|---|---|---|

| Number of Counts: | Criminal History Score | Seriousness Level | Defendant ☐ Attempted ☐ Solicited ☐ Conspired to commit the offense |
|---|---|---|---|

**Presumptive Sentence** ☐ Prison Sentence of _____ to _____ months    ☐ Community Corrections Center ☐ Alternative Sanction

| Defendant Sentence* (see Page 2) Imposed ☐ ADC ☐ Jud. Tran. ☐ County Jail | If probation or SIS accompanied by period of confinement, state time: _____ days or _____ months. |
|---|---|
| _____ months | Sentence was enhanced _____ months, pursuant to |
| Probation _____ months | A.C.A. §§ _____. |
| SIS _____ months | Enhancement(s) is to run: ☐ Concurrent ☐ Consecutive. |
| Other ☐ Life ☐ LWOP ☐ Death | Defendant was sentenced as a habitual offender, pursuant to A.C.A. §5-4-501, subsection ☐ (a) ☐ (b) ☐ (c) ☐ (d) |

| Victim Info# (See page 2) ☐ N/A [Multiple Victims ☐ Yes ☐ No] | Age | Sex ☐ Male ☐ Female | Race & Ethnicity ☐ White ☐ Black ☐ Asian ☐ Native American ☐ Pacific Islander ☐ Other ☐ Unknown ☐ Hispanic |
|---|---|---|---|

| Defendant voluntarily, intelligently, and knowingly entered a ☐ negotiated plea of ☐ guilty or ☐ nolo contendere. ☐ plea directly to the court of ☐ guilty or ☐ nolo contendere. | Defendant: ☐ was sentenced pursuant to ☐ §§16-93-301 et seq., or ☐ other §§ _____ ☐ entered a plea and was sentenced by a jury. ☐ was found guilty by the court & sentenced by ☐ court ☐ jury. ☐ was found guilty at a jury trial & sentenced by ☐ court ☐ jury. ☐ was found guilty of lesser included offense by ☐ court ☐ jury. |
|---|---|

| Sentence is a Departure ☐ Yes ☐ No | Sentence Departure is ☐ Durational or ☐ Dispositional. If durational, state how many months above/below the presumptive sentence: |
|---|---|

| Departure Reason (See page 2 for a list of reasons) Aggravating # _____ or Mitigating # _____. For Agg. #17 or Mit. #9, or if departing from guidelines, please explain: _____ | Sentence will run: ☐ Consecutive Concurrent ☐ to Offense # _____ or Case # _____ |
|---|---|

## PROSECUTOR'S SHORT REPORT OF CIRCUMSTANCES

This information is provided pursuant to A.C.A § 12-27-113 (C) (1) & (2) (Supp.1993).

Defendant's Name: Willie Munn                                           SID #: 385

Case #'s  CR-2020-243-2

I.    SUMMARY OF THE FACTS:
      The Defendant violated the terms and conditions of his SIS.

II.   FACTORS:

### AGGRAVATING

( )   Production or use of any weapon during the criminal episode.

( )   Threat or violence toward witnesses(es) or victim(s)

( )   Defendant knew or had reason to know the victims were particularly vulnerable (aged, handicapped, very young, etc.)

( )   Ability to make restitution, reparation or return property and failed to do so.

( )   Violation of position of public trust or recognized professional ethics.

( )   Degree of property loss, personal injury or threatened personal injury substantially greater than characteristic for the crime.

( )   There is a single conviction for a crime involving multiple victims or incidents.

( )   Defendant on probation or parole at the time of the crime.

( )   Persistent involvement in similar criminal offenses.

( )   Repetition of behavior pattern which contributes to criminal conduct, e.g., return to drug or alcohol abuse.

( )   Prior record of similar offenses.

( )   Serious prior record

( )   Pursuant to a Guilty or No Contest plea, other crimes were dismissed or not prosecuted.

( )   New criminal activity while on pretrial release.

( )   Persistent criminal misconduct while under super-vision.

( )   Efforts to conceal crime.

(X)   Other: The Defendant violated the terms and conditions of his SIS. *How charge pending CR-2?-2022 144*

### MITIGATING

( )   Victim(s) provoked the crime to substantial degree or other evidence that misconduct by victim contributed to the criminal episode.

( )   Cooperation with criminal justice agencies in resolution or other criminal activity.

( )   Effort to make restitution or reparation(particularly before required to do so by sentencing).

( )   Degree of property loss, personal injury or threatened personal injury substantially less than characteristic for the crime.

( )   Special effort on part of perpetrator to minimize the harm or risk.

( )   Peripheral involvement in criminal episode (e.g., passive accessory).

( )   Evidence of withdrawal, duress, necessity or lack of s of sustained criminal intent or diminished mental capacity (e.g., mental retardation) which is insufficient to constitute a defense but is indicative of reduced culpability.

( )   No prior parole or probation difficulty.

( )   Efforts to deal with problems associated with past criminal conduct.

( )   No, or minimal, prior record.

( )   Other:

SIGNED _____          SIGNED _____
       Circuit Judge                               Deputy Prosecuting Attorney

I hereby certify this is a true and correct copy of the original on file in my office.
ATTEST:
Clerk of the Circuit Court in Hempstead County, Hope, AR
11-1822
by Deputy

2022 NOV 18  AM 10: 28
GAIL WOLLENBARGER
CIRCUIT CLERK
HEMPSTEAD COUNTY, AR

Defendant's Full Name: Munn, Willie

Special Conditions

## Sex Offenses

Defendant has been adjudicated guilty of an offense requiring sex offender registration and must complete the Sex Offender Registration Form and pay the Mandatory Sex Offender Fee of $250.   ☐ Yes  ☑ No

Defendant has committed an aggravated sex offense as defined in A.C.A. §12-12-903.
☐ Yes  ☑ No

Defendant is alleged to be a sexually dangerous person and is ordered to undergo an evaluation at a facility designated by A.D.C. pursuant to A.C.A. §12-12-918.
☐ Yes  ☐ No

Defendant, who has been adjudicated guilty of an offense requiring registration, has been adjudicated guilty of a prior sex offense under a separate case number. ☐ Yes  ☑ No
If yes, list prior case numbers:

## Domestic Violence Offenses

Defendant has been adjudicated guilty of a domestic-violence related offense and must pay additional court costs of $25 under Act 583 of 2017.   ☐ Yes  ☑ No

Defendant was originally charged with a domestic-violence related offense.   ☐ Yes  ☑ No
If yes, state the A.C.A. # of the offense:

If yes to either question, identify the relationship of the victim to the Defendant by offense number.

## DNA Sample/Qualifying Offense

Defendant has been adjudicated guilty of a qualifying offense or repeat offense (as defined in A.C.A. §12-12-1103). ☑ Yes  ☐ No
Defendant is ordered to have a DNA sample drawn at ☐ A.C.C. facility  ☐ the A.D.C. or
☑ other already on file. Assessment would create undue burden on defendant.

## Drug Crime

Defendant has been convicted of a drug crime, as defined in §12-17-101.
☑ Yes  ☐ No

Fines, Fees, Restitution

| Court Costs | $ |
|---|---|
| Fines | $ |
| Booking/Admin Fees ($40) | $ |
| Drug Crime Assessment Fee ($125) | $ |
| DNA Sample Fee ($250) | $ |
| Children's Advocacy Center Fund Fee | $ |
| Public Defender User Fee | $ |
| Public Defender Attorney Fee | $ |
| Other (explain) | $ |

Restitution $_____ Payable to [If multiple beneficiaries, give names and payment priority] _____

**Terms**
☐ Due Immediately
☑ Installments of: Payment plan enforced by ACC as parole condition.
☐ Payments must be made within _____ days of release from A.D.C.
☐ Upon release from confinement, Defendant must return to court to establish payment of restitution
☐ Restitution is joint and several with co-defendant(s) who was found guilty – List name(s) and case number(s) _____

Sentence Options

Defendant was convicted of a target offense(s) and is sentenced pursuant to provisions of the Community Punishment Act. ☐ Yes ☑ No
The Court hereby orders a judicial transfer to the AR Division of Community Correction. ☐ Yes ☑ No
Pursuant to the Community Punishment Act, the Defendant shall be eligible to have his/her records sealed ☐ Yes ☑ No

**Extended Juvenile Jurisdiction Applied** ☐ Yes ☑ No

| JAIL TIME CREDIT 150 | TOTAL TIME TO BE SERVED FOR ALL OFFENSES In months: 72   ☐ Life  ☐ LWOP | Death Penalty ☐ Yes ☑ No | If Yes, State Execution Date: |
|---|---|---|---|

DEFENDANT IS ASSIGNED TO: ☑ ADC  ☐ ADC, Admin. Transfer Authorized   ☐ CCC   ☐ COUNTY JAIL   ☐ PROBATION   ☐ SIS

Conditions of disposition or probation are attached. ☐ Yes ☑ No

A copy of the pre-sentence investigation on sentencing information is attached ☐ Yes ☐ No   ☐ Defendant has previously failed a drug court program.

A copy of the Prosecutor's Short Report is attached ☐ Yes ☑ No

DEFENDANT WAS INFORMED OF APPELLATE RIGHTS ☑ Yes ☐ No   Appeal Bond $

The County Sheriff is hereby ordered to: ☐ transport the defendant to county jail ☐ take custody for referral to CCC ☑ transport to ADC

Defendant shall report to ACC probation officer for report date to CCC ☐ Yes ☑ No

Signature

Prosecuting Attorney/Deputy (Print Name): Ben Hale, Deputy
Signature: _[signature]_   Date: 11/15/2022

Circuit Judge (Print Name): Duncan Culpepper
Signature: _[signature]_   Date: 11-17-22

Additional Info: Upon release from ADC, Defendant shall meet with parole officer and establish a plan for the payment of his outstanding financial obligations. Said plan shall be monitored and enforced by his parole officer.

**PROSECUTOR'S SHORT REPORT OF CIRCUMSTANCES**

This information is provided pursuant to A.C.A § 12-27-113 (C) (1) & (2) (Supp.1993).

Defendant's Name: Willie Munn

Case #'s CR-2020-52-2

I.    SUMMARY OF THE FACTS:
      The Defendant violated the terms and conditions of his SIS.

II.   FACTORS:

### AGGRAVATING

( )    Production or use of any weapon during the criminal episode.

( )    Threat or violence toward witnesss(es) or victim(s)

( )    Defendant knew or had reason to know the victims were particularly vulnerable (aged, handicapped, very young, etc.)

( )    Ability to make restitution, reparation or return property and failed to do so.

( )    Violation of position of public trust or recognized professional ethics.

( )    Degree of property loss, personal injury or threatened personal injury substantially greater than characteristic for the crime.

( )    There is a single conviction for a crime involving multiple victims or incidents.

( )    Defendant on probation or parole at the time of the crime.

( )    Persistent involvement in similar criminal offenses.

( )    Repetition of behavior pattern which contributes to criminal conduct, e.g., return to drug or alcohol abuse.

( )    Prior record of similar offenses.

( )    Serious prior record

( )    Pursuant to a Guilty or No Contest plea, other crimes were dismissed or not prosecuted.

( )    New criminal activity while on pretrial release.

( )    Persistent criminal misconduct while under supervision.

( )    Efforts to conceal crime.

(X)    Other: The Defendant violated the terms and conditions of his SIS.

### MITIGATING

( )    Victim(s) provoked the crime to substantial degree or other evidence that misconduct by victim contributed to the criminal episode.

( )    Cooperation with criminal justice agencies in resolution or other criminal activity.

( )    Effort to make restitution or reparation(particularly before required to do so by sentencing).

( )    Degree of property loss, personal injury or threatened personal injury substantially less than characteristic for the crime.

( )    Special effort on part of perpetrator to minimize the harm or risk.

( )    Peripheral involvement in criminal episode (e.g., passive accessory).

( )    Evidence of withdrawal, duress, necessity or lack of s of sustained criminal intent or diminished mental capacity (e.g., mental retardation) which is insufficient to constitute a defense but is indicative of reduced culpability.

( )    No prior parole or probation difficulty.

( )    Efforts to deal with problems associated with past criminal conduct.

( )    No, or minimal, prior record.

( )    Other:

SIGNED _____
        Circuit Judge

SIGNED _____
        Deputy Prosecuting Attorney

WESTLAW

**Benson v. Kelley**
Supreme Court of Arkansas.    November 29, 2018    2018 Ark. 333    561 S.W.3d 327    *(Approx. 6 pages)*

**Distinguished by** Jones v. Kelley,    Ark.,    September 24, 2020

2018 Ark. 333
Supreme Court of Arkansas.

## Tyrell A. BENSON, Appellant

v.

## Wendy KELLEY, Director, Arkansas Department of Correction, Appellee

No. CV-17-341
Opinion Delivered: November 29, 2018

### Synopsis

**Background:** Following imposition of sentence of 60 years for various offenses committed while he was a juvenile, petitioner sought writ of habeas corpus. The Circuit Court, Jefferson County, No. 35CV-16-731, Jodi Raines Dennis, J., denied petition. Petitioner appealed.

**Holding:** The Supreme Court, Rhonda K. Wood, J., held that prior robberies and terroristic acts could not be used to enhance sentences for subsequent offenses to render defendant ineligible for parole.

Reversed; writ issued; remanded with instructions.

Josephine Linker Hart, J., filed concurring opinion.
Appellate Review Post-Conviction Review

### West Headnotes (4)

Change View

1   **Habeas Corpus**   Improper restraint or detention in general
    **Habeas Corpus**   Jurisdictional Defects
    A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacks jurisdiction over the cause.

    1 Case that cites this headnote

    **Habeas Corpus**   Improper restraint or detention in general
    **Habeas Corpus**   Jurisdictional Defects
    If a habeas petitioner does not allege his or her actual innocence, unless the petitioner can show that the trial court lacked jurisdiction or that the judgment is facially invalid, there is no basis for a finding that a writ of habeas corpus should issue.

    1 Case that cites this headnote

3   **Sentencing and Punishment**   Arrests, charges, or unadjudicated misconduct
    Prior robberies and terroristic acts could not be used to enhance sentences for subsequent offenses to render defendant ineligible for parole, where he had not yet been convicted of prior offenses at time he committed subsequent offenses. Ark. Code Ann. §§ 16-93-609(a), 16-93-609(b)(1).

    1 Case that cites this headnote

_I am serving 10 day for day_

**4    Criminal Law ⟶ Extent of penalty**
    Although the Supreme Court does not have jurisdiction over how parole
    eligibility is determined, it does have jurisdiction to correct a facially illegal
    sentence, including the improper application of an enhancement statute.

**328** APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-16-731],
HONORABLE JODI RAINES DENNIS, JUDGE

## Attorneys and Law Firms

Tyrell A. Benson, pro se appellant.

Leslie Rutledge, Att'y Gen., by: Karen Virginia Wallace, Ass't Att'y Gen., for appellee.

## Opinion

RHONDA K. WOOD, Associate Justice

*1 Appellant Tyrell Benson appeals the denial of his petition for writ of habeas corpus. As
a juvenile, Benson committed multiple offenses resulting in multiple convictions and
sentences. He alleges that one of his sentences exceeds his life expectancy without the
opportunity for parole, resulting in a de facto life sentence in violation of *Graham v.
Florida*, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). We conclude that Benson
is parole eligible; therefore, we do not speculate as to whether his sentence would violate
*Graham* if he were not parole eligible. However, because Benson's judgment-and-
commitment orders incorrectly state that he is ineligible for parole pursuant to Arkansas
Code Annotated section 16-93-609, we reverse *2 the denial of Benson's habeas petition,
issue the writ, and remand to the sentencing court to correct the orders.

### I. Background

When he was seventeen years old, Benson committed a series of criminal offenses. In
January 2003, a Pulaski County Circuit Court jury convicted him of three counts of
aggravated robbery, which he committed in March 2002. The trial court sentenced him to
three consecutive ten-year sentences (60CR-02-2345).[1] In February 2003, a Pulaski
County Circuit Court jury convicted him of two counts of a terroristic act, which he
committed in March 2002. The circuit court sentenced him to two, thirty-year sentences to
run concurrently with one another but consecutively to the thirty years he received on the
aggravated-robbery charges (60CR-02-1695).[2] Finally, in March 2003, Benson entered
a negotiated plea of guilty to rape and aggravated robbery, which he **329** committed in
May 2002. He was sentenced to sixty years on each count to run concurrently with each
other and with his previous sentences (60CR-02-1978). The February and March 2003
sentencing-and-commitment orders state that Benson is "not eligible for parole" pursuant
to section 16-93-609, an enhancement statute.

*3 In November 2016, Benson filed a pro se petition for writ of habeas corpus in the
Jefferson County Circuit Court arguing that his sentences are cruel and unusual and
unconstitutional under the Eighth and Fourteenth Amendments. Specifically, he alleged
that his sixty-year sentence comprises a de facto life sentence, which the United States
Supreme Court prohibits under *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011, 176
L.Ed.2d 825 (2010). In *Graham*, the Supreme Court held that the imposition of a life
sentence without the benefit of parole eligibility on juveniles who commit nonhomicide
offenses is unconstitutional. The circuit court denied Benson's petition, finding that his
sentence does not violate the Eighth and Fourteenth Amendments under *Graham*.
Benson appealed.

### II. Standard of Review

1    2    A writ of habeas corpus is proper when a judgment of conviction is invalid on
its face or when a trial court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark.
465, 477 S.W.3d 503. Under our statute, a petitioner who does not allege his or her
actual innocence must plead either the facial invalidity of the judgment or the lack of
jurisdiction by the trial court and make a showing by affidavit or other evidence of
probable cause to believe that the petitioner is being illegally detained. Ark. Code Ann. §
16-112-103(a)(1) (Repl. 2016). Unless the petitioner can show that the trial court lacked

jurisdiction or that the judgment is facially invalid, there is no basis for a finding that a writ of habeas corpus should issue. *Williams v. Kelley*, 2017 Ark. 200, at 3, 521 S.W.3d 104, 106.

### III. *Analysis*

*4 On appeal, Benson argues that his sixty-year sentence without parole is unconstitutional because it exceeds his life expectancy. Benson's argument is premised on the fact that he must serve sixty-years' imprisonment and is ineligible for release until he is seventy-seven years old. He claims his life expectancy is seventy-three years. Benson's sentencing-and-commitment orders in case numbers 60CR-02-1695 and 60CR-02-1978 provide that Benson is ineligible for parole in accordance with Act 1805 of 2001, codified as Arkansas Code Annotated section 16-93-609. The State alleges that despite the notations on his sentencing orders, section 16-93-609 does not apply to Benson and that Benson is not serving a de facto life sentence because he is eligible for parole at age fifty-five pursuant to section 5-4-501(d)(1) and (d)(1)(C).[3] We agree with the State's argument that section 16-93-609 is inapplicable to Benson. However, because Benson's sentencing-and-commitment orders provide that section 16-93-609 applies to Benson, we conclude that the orders are invalid on their face, and we reverse the **330 denial of the petition for writ of habeas corpus.

Section 16-93-609 is a sentencing enhancement statute. It provides:

> (a) Any person *who commits* murder in the first degree, § 5-10-102, rape, § 5-14-103, or aggravated robbery, § 5-12-103, subsequent to March 24, 1983, and *who has previously been found guilty of or pleaded guilty or nolo contendere to* murder in the first *5 degree, § 5-10-102, rape, § 5-14-103, or aggravated robbery, § 5-12-103, shall not be eligible for release on parole by the Parole Board.

> (b)(1) Any person *who commits* a violent felony offense or any felony sex offense subsequent to August 13, 2001, and *who has previously been found guilty of or pleaded guilty or nolo contendere to* any violent felony offense or any felony sex offense shall not be eligible for release on parole by the board.

Ark. Code Ann. § 16-93-609(a), (b)(1) (Repl. 2016) (emphasis added). When we read this statute in accordance with its plain language, we find that Benson is not subject to this statute.

3    First, when Benson committed the terroristic acts in March 2002, which were the bases for his convictions in case number 60CR-02-1695, he had not yet been found guilty of the aggravated robberies in case number 60CR-02-2345. Similarly, Benson committed rape and aggravated robbery in May 2002. However, he was not found guilty of the aggravated robberies in case number 60CR-02-2345 until January 2003 or of the terroristic acts in case number 60CR-02-1695 until February 2003. Consequently, Benson had not previously been found guilty of any violent felony or aggravated robbery in May 2002 when he committed rape and aggravated robbery in case number 60CR-02-1978, and he had not previously been found guilty of any violent felony or aggravated robbery in February 2002 when he committed the terroristic acts.

4    Therefore, we conclude that the sentencing-and-commitment orders in case number 60CR-02-1695 and in case number 60CR-02-1978 are facially invalid because they specifically state that Benson is ineligible for parole pursuant to section 16-93-609; even the State concedes that enhancement under section 16-93-609 is inapplicable to those *6 sentences. We note that once the judgment and commitment orders are corrected so that they are no longer facially invalid, the judiciary has no further role in deciding how the executive branch calculates Benson's parole. *Wheeler v. State*, 2015 Ark. 233, 463 S.W.3d 678. While this court does not have jurisdiction over how parole eligibility is determined, we do have jurisdiction to correct a facially illegal sentence, including the improper application of an enhancement statute. *Id.*; *Williams v. Kelley*, 2017 Ark. 200, 521 S.W.3d 104; *see also Darrough v. Kelley*, 2017 Ark. 314, 530 S.W.3d 332.

We reverse the circuit court's denial of Benson's petition for writ of habeas corpus and issue the writ of habeas corpus. We remand to the Pulaski County Circuit Court with instructions for the court to correct the judgment-and-commitment orders in case numbers 60CR-02-1695 and 60CR-02-1978 to reflect that Benson's sentences are not enhanced pursuant to Arkansas Code Annotated section 16-93-609.

Reversed; writ issued; remanded with instructions to the Pulaski County Circuit Court in case number 60CR-02-1695 and 60CR-02-1978.

Hart, J., concurs.

Josephine Linker Hart, Justice, concurring.

I concur. While it is true that Benson's confinement order is facially invalid for (at **331 least) the reasons stated in the majority opinion, and while it is true that this error should be corrected, its correction will not entirely resolve the issue being raised before this court: whether Benson's sentence (whatever it is) violates the requirements of *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010).

*7 It would be imprudent to address whether Benson's sentence violates *Graham* at this juncture. While the parties disagree as to how this court should interpret *Graham* as a general matter, the parties also dispute the actual terms of the sentence Benson is currently serving. This issue was first raised in the State's brief, after Benson filed his opening brief, and indeed, it is apparent from the face of Benson's judgment-and-commitment order that his sentence was not imposed in accord with the laws of Arkansas. Benson's judgment-and-commitment orders incorrectly state that he is ineligible for parole pursuant to "Ark. Code Ann. § 16-93-609," as set forth in the majority opinion. Instead, the State asserts that Benson is subject to Ark. Code Ann. § 16-93-1302(f) (Repl. 2011), which would mean that Benson "may be considered eligible for parole or for community correction transfer upon reaching regular parole or transfer eligibility, but only after reaching a minimum age of fifty-five (55) years." Pursuant to this rationale, the State asserts that Benson is eligible for parole at age fifty-five (55), as opposed to age seventy-seven (77), as Benson's petition asserts.

The erroneous application of Ark. Code Ann. § 16-93-609 (Repl. 2016) alone renders Benson's confinement order facially invalid and therefore warrants issuance of the writ. Furthermore, the *Graham* question cannot be properly answered until Benson is provided a proper sentence in accord with any applicable laws that were in effect at the time of the underlying offenses. Accordingly, I concur with the majority's decision to remand this case to the sentencing court.

## All Citations

2018 Ark. 333, 561 S.W.3d 327

### Footnotes

1       The Arkansas Court of Appeals affirmed. *Benson v. State*, No. CACR-03-477, 2004 WL 628860 (Ark. App. March 31, 2004) (unpublished).

2       The court of appeals affirmed, holding that Benson's sentences were subject to an enhancement pursuant to the "three strikes" provision of Arkansas Code Annotated section 5-4-501(d)(1) (Repl. 1997) (amended 2011) because he had been previously convicted of the three counts of aggravated robbery in his first case. *Benson v. State*, 86 Ark. App. 154, 164 S.W.3d 495 (2004).

3       Ark. Code Ann. sections 5-4-501(d)(1) and (d)(1)(C) provide for a sentencing range of thirty to sixty years for a Class B felony, with no parole eligibility, except as provided by Arkansas Code Annotated section 16-93-1302. Section 16-93-1302 provides that offenders sentenced under section 5-4-501(c) or (d) "may be considered eligible for parole ... upon reaching regular parole or transfer eligibility, but only after reaching a minimum age of fifty-five (55) years." Ark. Code Ann. section 16-93-1302(d) (Repl. 2006) (repealed 2011).

**End of Document**                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

Westlaw Next. © 2023 Thomson Reuters

THOMSON REUTERS
Thomson Reuters is not providing legal advice

IN MateS who Are sentence under The provisions of § 5-4-501(C) or (d) for Serious Violent or felonies Involving Violence may be Considered Eligible for parole or for Community Correction Transfer upon Reaching Regular Parole or Transfer Eligibility but only After Reching A minimum Age of Fifty-Five (55) Years." Prior To Its Repeals §§ 16-93-1303. I Was Not Sentence under The Habitual offender Act; I have Not had A felony Conviction IN over 10 Years Prior To 9-28-20 for Burglary; my first Violence Charge Was simple Robbery. January 21 1983; The Law Was past March 1. 1983; See §§ 16-93-1302, Well see §§ 16-93-1301 To 16-93-1304 Repealed by Act 570 § 108 Eff, July 27 2011 When I plea No Lo Contended NO one Address The Issues of 100% It Was To my understan ding I would served 1/2 of 1/2. Two Years, The Information Are The Face of The Sentening order say's And Thing About 100% I did Not Know Before The Rendition To prevented The Judgment If I had been Known To The Trial court And Which Through No Negligence or fault of my own It Is A Error fundamental of fact Extrinsic To The Record; The Term Was Without Eligibility for parole Or Community Correction Transfer Except under Ark Code Annotated Section 16-93-1302 Which

Permitted Parole After The Age Of Fifty, The Ark Code
ANN § 16-93-1302; Rainer v. State Supreme Court
Of Arkansas Feb 14, 2019 2019 Ark 42; 566 S.W.3d 462
I Could Argument This In Court; But Why; Thats
Why Iam Contacting You All First. Iam 66 Years
Old, With Health Problems; My Mother IS 88 Years
Old, Total Blind; Need My Help Every Day; I
Just Learn That Her Light's Got Turn Off
Now That I Been Lock up 5-15-22, Light
Bill Got 2,000. 870-557. 6120. All I
Wont To Do: Is Served This 3½ Years Go
Home And Take Care my mom; Iam Innonenle
of The Burglary; No one Address me Are let
me Know That I Plea No Lo Contender To 10
Years Day for Day; They Trick me Never
Address me About my prior conviction's
Then The A.N.C. Never Gave me Due Process
Of my 5th Amend That What All These
Cases Talking About; Willie mmn
Let me Know what Think You willie mmn
The Director No So I
Can File In Court;

Willie Munn A D C 80042
P.O. Box 600
Grady Avk 71644

ADC
VARNER
UNIT



quadient
FIRST-CLASS MAIL
IMI
$001.74 ℠
02/10/2023 ZIP 71643
043M31238723

US POSTAGE

Pro. Se Clerk
600 West Capitol Avenue,
Room A 149
Little Rock Avk
72201